UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| SUNSHINE DISHMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-CV-026-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| CORRECTIONS CORPORATION OF ) | **AND ORDER** |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The applicable one-year statute of limitations bars plaintiff Sunshine Dishman's claims against defendants Corrections Corporation of America ("CCA") and Jeff Little. Dishman concedes that the Eleventh Amendment bars her claims against the Commonwealth of Kentucky Department of Corrections ("KDOC"). As a result, the Court must grant the defendants' motions to dismiss. *See* R. 6 and R. 9.

### BACKGROUND

There are no material, disputed facts for the purposes of this opinion. The very troubling allegations are taken from the complaint and construed in the plaintiff's favor in the following manner:

During the relevant period, Dishman was incarcerated at Otter Creek Correctional Center ("Otter Creek"), a prison that CCA owns and operates in Wheelwright, Kentucky. R. 1 ¶ 13. CCA operates Otter Creek under a contract with KDOC. *Id.* ¶ 3. Jeff Little was and still is the Warden of Otter Creek. *Id.* ¶ 17.

On or about January 2007, Delmas Johnson, a recreation coordinator at Otter Creek, began supervising Dishman's incarceration.[1] *Id.* ¶ 25. From March 2007 to October 2007, Johnson allegedly forced Dishman to engage in non-consensual sexual acts with him. *Id.* ¶ 26. To prevent Dishman from reporting his behavior, Johnson purportedly threatened to use his official position to prevent Dishman from making parole if she reported the sexual acts or took any action against him. *Id.* ¶ 37. The forced sexual acts continued through October 2007. *Id.* ¶ 26. In December 2007, Dishman was transferred from Otter Creek to a half-way house in Owensboro, Kentucky.[2] *Id.* ¶ 36. On September 28, 2008, Dishman was released on parole. *Id.*

In late 2008 or early 2009, agents of the Commonwealth of Kentucky began to investigate allegations that male employees at Otter Creek had forced female prisoners to engage in non-consensual sexual acts. *Id.* ¶ 39. When contacted by the agents, Dishman initially denied that Johnson had forced her to engage in non-consensual sexual acts, apparently because of Johnson's threats about parole. *Id.* Dishman ultimately told the state investigators about Johnson's conduct in July 2009. *Id.*

Dishman waited until February 24, 2010, to file this action. She brought federal claims

---

[1] Although Johnson is named as a defendant in the case, he has not yet been served. *See* R. 24 (ordering Dishman to either file proof that Johnson has been served or show cause for failure of service by September 30, 2010).

[2] The defendants provided an affidavit from an Otter Creek employee that seems to verify the exact dates of Dishman's incarceration at Otter Creek and the date of her parole. *See* R. 9, Ex. 2. Dishman disputes whether the Court can consider the affidavit when ruling on a Fed. R. Civ. P. 12(b)(6) motion. Because, as the defendants admit, the affidavit does not contradict the complaint, the Court does not need to look to the affidavit in order to consider the defendants' arguments. *See* R. 17 at 2-3. The affidavit is not considered for purposes of this decision.

pursuant to § 1983 and several state law claims. *Id.* ¶¶ 44-58. Dishman claims that CCA, Little, and KDOC are vicariously liable for the actions of Johnson. *Id.* ¶¶ 59-65.

## DISCUSSION

The parties agree that Kentucky's one-year of statute of limitations for personal injury actions, Ky. Rev. Stat. § 413.140(1)(a), applies to Dishman's § 1983 claims and her state law claims. Because Congress has not legislated a statute of limitations for § 1983 claims, the Supreme Court has instructed courts to apply the relevant state's statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Therefore, § 1983 claims arising in Kentucky are governed by Kentucky's one-year statute of limitations for personal injury actions. *See Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). The alleged non-consensual sexual acts that form the basis of Dishman's claims ended in October 2007, but Dishman did not file this action until February 2010. R. 1 at 6. Thus, absent tolling, the statute of limitations has run.

Dishman contends that the statute of limitations should be tolled because, in March 2007, Johnson threatened that he would use his official position to make sure she did not receive parole if she reported his conduct or took any action against him. R. 1 ¶ 37. According to Dishman, Johnson's threat tolled the statute of limitations pursuant to Ky. Rev. Stat. § 413.190(2). That provision tolls the statute of limitations when a defendant "by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action . . . ." *Id.*; *see Munday v. Mayfair Diagnostic Laboratory*, 831 S.W.2d 912, 914 (Ky. 1992). Dishman is incorrect. Under the facts of this case, the one year statute of limitations has not been tolled. Johnson's threat, as

3

heinous and troubling as it might be, does not meet the requirements for tolling under § 413.190(2). Further, even if Johnson's threat were sufficient to toll the statute of limitations, Dishman's claims against CCA and Little are still too late.

**I.      Johnson's threat does not toll the statute of limitations**

Johnson's alleged threat is not the kind of conduct that would toll the statute of limitations under § 413.190(2). The tolling statute is limited to "indirect means" of obstruction. *Id*. Kentucky courts construing the statute have consistently held that a defendant must engage in "some act or conduct which in point of fact misleads or deceives [the] plaintiff and obstructs or prevents him from instituting his suit while he may do so." *Munday*, 831 S.W.2d at 914 (quoting *Adams v. Ison,* 249 S.W.2d 791, 792 (1952)). Thus, to toll the statute of limitations under § 413.190(2), a defendant's conduct must (1) mislead or deceive the plaintiff and (2) obstruct the plaintiff from filing suit. *Id*. Obstruction alone, without misleading or deceiving conduct, is not enough. *See Labor Cabinet v. Hasken*, 265 S.W.3d 215, 227 (Ky. Ct. App. 2007) ("In order for the statute of limitations to be tolled under [§] 413.190(2), the [defendant's] representation or act, 'intentional or otherwise, must have been calculated to mislead or deceive and to induce inaction by the injured party.") (quoting *Adams*, 249 S.W.2d at 793). Examples of misleading or deceptive conduct that have been recognized by Kentucky courts as sufficient to toll under the statute include an erroneous promise to settle that induces the plaintiff to wait beyond the limitations period, *Clover Sprint Coal Co. v. Lorenz*, 110 S.W.2d 457, 461 (Ky. 1937), false assurances by a doctor to a patient that a medical blunder would not cause harm, *Adams*, 249 S.W.2d at 794, and concealment of an employee's wrongful conduct from state investigators,

4

*Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 576 (Ky. 2009).

Thus, in order to toll the statute of limitations in this case, Johnson's threat must have misled or deceived Dishman. It did not. To put it bluntly, there was nothing misleading or deceiving about Johnson's threat. Johnson allegedly told Dishman, point blank, that if she reported him or took any action against him, he would make sure that she was denied parole. No subterfuge. No concealment. Just a blatant abuse of power. But the statute, unfortunately for Dishman, does not toll for abuse of power.

For example, in *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295 (Ky. Ct. App. 1993), the plaintiff brought claims based on sexual abuse he had suffered at the hands of a teacher while in grade school. *Id.* at 296. The teacher told the plaintiff—who was only ten years old when the abuse first started—not to tell anyone because he would not be believed. *Id.* at 297. The court held that the abusive teacher's actions did not constitute "obstruction within the meaning of [§ 413.190(2)]" because they did not involve misleading or deceptive conduct. *Id.* Without doubt, the teacher's actions in *Rigazio,* like Johnson's threat in this case, were an abuse of power. But they were not deceptive or misleading. Therefore, the statute of limitations was not tolled in *Rigazio*, and neither is it tolled here.

Dishman relies heavily on language in *Chesapeake & Nashville Railway v. Speakman*, 71 S.W. 633 (Ky. 1903), a century-old case in which the court said that "if the defendant's conduct induces the plaintiff to refrain from bringing an action of tort within the period fixed by the statute, the defendant may be thereby estopped to rely upon the statute." *Id.* at 634 (internal citation omitted). While that quote alone could suggest that any obstruction tolls the statute of

5

limitations, Kentucky courts since *Chesapeake* have been clear. Only obstruction that misleads or deceives will toll. *See Munday*, 831 S.W.2d at 914 (citing *Adams*, 249 S.W.2d at 792). In light of the clear law to the contrary of much more recent vintage, Dishman's reliance on *Chesapeake* is unavailing.

Admittedly, the construction that Kentucky courts have given § 413.190(2) produces seemingly bizarre results. There will be no tolling if a defendant threatens to shoot a plaintiff if she brings a claim, but there will be tolling if that same defendant merely promises to settle the claim, induces the plaintiff to wait beyond the limitations period, and then recants the settlement offer. The former is obstruction by direct threat; the latter is obstruction by misleading or deceptive conduct. It may seem unfair for courts to toll in the second instance but not in the first, given that the conduct in the first is so much more egregious. But that is Kentucky law, and this Court must apply the Kentucky statute of limitations to both Dishman's state claims and her claims under § 1983. *See Owens*, 488 U.S. at 240-41 (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). The Court must faithfully apply the Kentucky tolling statute as it has been interpreted by Kentucky courts, even if the Court might disagree with the outcome. *See MacDermid v. Discover Financial Svcs.*, 488 F.3d 721, 738 (6th Cir. 2007) ("Even if this panel were to disagree . . . it is not our place to depart from [state] precedent in a case applying state substantive law.").

There is a set of circumstances under which Johnson's threat could be considered misleading or deceptive, and therefore sufficient to toll under § 413.190(2). If Johnson lacked the authority to influence Dishman's parole proceedings, his threat—to prevent her from getting

parole if she reported his conduct—would likely be misleading or deceiving. In other words, Johnson would be misrepresenting the effect he could have on Dishman's parole. But Dishman has not alleged that Johnson overstated his authority and misled her in that manner. Although the Court construes the complaint "in the light most favorable to the plaintiff," *see Westside Mothers v. Olszewski*, 454 F.3d 532, 537 (6th Cir. 2006), the Court is not permitted to invent allegations out of thin air in order to save Dishman's case.

Defendants CCA and Little also argue that, even if Johnson's threat tolled the statute of limitations under § 413.190(2), it could only toll until Dishman was released on parole in December 2008. R. 17 at 5-7. Dishman responds that she feared that Johnson could revoke her parole even after she was released, and therefore that the statute of limitations was tolled until July 2009, when Dishman reported Johnson's conduct to state investigators. R. 15 at 5-6. Because Johnson's threat is not sufficient to toll the statute of limitations under § 413.190(2), the Court need not reach the issue of whether his threat could toll beyond Dishman's release on parole.

Therefore, because Dishman failed to allege that Johnson misled or deceived her, there is no tolling. Her claims against CCA and Little are time-barred.

**II.     Even if Johnson's threat tolled the statute of limitations, Dishman's claims against CCA and Little would still be time-barred**

Even if Johnson's threat tolled the statute of limitations under § 413.190(2), his threat would not toll with respect to CCA or Little. Tolling only applies to defendants who actually commit obstruction themselves. Section 413.190(2) provides that "this saving shall not prevent

the limitation from operating in favor of any other person not [causing an obstruction], whether he is a necessary party to the action or not." Although Dishman has alleged that CCA and Little knew generally of sexual misconduct by male members of the prison staff, *see* R. 1 ¶ 31, she has not alleged that either CCA or Little knew of, or actively concealed, Johnson's specific misconduct or his threat regarding Dishman's parole. Thus, there is no reason to toll the claims asserted against them. *Compare Knaus v. Great Crossings Baptist Church, Inc.*, No. 2009-CA-000141-MR, 2010 WL 476046, at *3 (Ky. Ct. App. Feb. 12, 2010) (claim against church based on actions of youth minister not tolled where plaintiff failed to allege that church knew of minister's wrongful conduct) *with Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 290 (Ky. Ct. App. 1998) (claim against school based on sexual abuse by teacher tolled where school knew of and actively concealed teacher's misconduct).

Dishman responds with two arguments: (1) CCA and Little are vicariously liable for Johnson's actions, and (2) CCA and Little engaged in concealment in their own right by failing to provide adequate policies and procedures for Dishman to report Johnson's misconduct. Neither argument is persuasive.

First, Dishman's claim that CCA and Little are vicariously liable for Johnson's conduct misses the mark. As an initial matter, CCA and Little cannot be held vicariously liable for Johnson's conduct under § 1983. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("[T]here is no respondeat superior liability under § 1983."); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Vicarious liability is possible for Dishman's state law claims, and under Kentucky law, CCA and Little can be held vicariously liable for Johnson's conduct

8

even if the statute of limitations bars Dishman's claim against Johnson himself. *See Cohen v. Alliant Enterprises, Inc.*, 60 S.W.3d 536, 538 (Ky. 2001) ("The fact that [the plaintiff] cannot recover from the agent here does not negate the fact that liability may exist, and that it may be imputed to the principal. It is the negligence of the servant that is imputed to the master, not the liability.") But Dishman was still required to file her action against CCA and Little within the limitations period. Dishman's claim against CCA and Little accrued at the same time that it accrued against Johnson—no later than October 2007. Therefore, Dishman must establish that the limitations period against CCA and Little was tolled until at least February 24, 2009—one year before she filed this suit. Dishman has not set forth any theory that would toll the statute of limitations against CCA and Little for that long. As previously discussed, Johnson's alleged threat, even if it were sufficient to toll under § 413.190(2), cannot toll with respect to CCA or Little because neither CCA nor Little actually committed the obstruction themselves.

Dishman's complaint also advances a theory of direct obstruction by concealment against CCA and Little. Dishman claims that she "was never made aware of any procedure under which she could safely report Johnson['s conduct] without Johnson being able to carry out his . . . threat to use his official position to cause Dishman not to make parole." *Id.* ¶ 38. This allegation can be read as a claim that CCA and Little "concealed" Dishman's cause of action by failing to provide a proper mechanism for her to report Johnson's misconduct. *See* R. 1 ¶ 21. Concealment can be a form of obstruction. When a defendant has a duty to disclose and does not do so, that failure may constitute concealment of the plaintiff's cause of action, which can toll the statute of limitations. *See Emberton,* 299 S.W.3d at 574 (collecting cases).

9

Assuming, without deciding, that the alleged failure of CCA and Little to provide adequate opportunities for Dishman to report Johnson's conduct would toll her claims, the tolling would have ended in December 2007, when Dishman was released from Otter Creek and transferred to a half-way house in Owensboro. At that point, CCA and Little were no longer responsible for Dishman's incarceration or for providing adequate policies and procedures for her to report misconduct. Any concealment under this theory would have ended on that date. When the obstruction is removed, tolling ceases, and the statute of limitations starts to run again. Ky. Rev. Stat. § 413.190(2) ("[T]he time of the continuance of the . . . obstruction shall not be computed as any part of the [limitations] period . . . ."); *see Emberton*, 299 S.W.3d at 575 (noting that § 413.190(2) tolled statute of limitations "for the effective time of the concealment, ending in May of 2004.") Therefore, even if the Court were to accept Dishman's theory, the statute of limitations against CCA and Little would still have run in December 2008. Dishman did not file suit until February 2010. That is too late.

Therefore, Dishman's claims against CCA and Little are also time-barred because Johnson's conduct cannot toll the statute of limitations with respect to CCA or Little and any possible concealment on their part would have ended when Dishman left Otter Creek in December 2007.

### III. KDOC's motion to dismiss

KDOC also filed a motion to dismiss. R. 6. Dishman concedes that the Eleventh Amendment bars her claims against KDOC and "urges this Court to grant the KDOC motion on those grounds." R. 16 at 2. The parties are correct that sovereign immunity bars the § 1983

10

claims as well as the state law claims asserted against KDOC. *See Allen v. Booth*, No. 08-135, 2008 WL 4829875, at *1-2 (E.D. Ky. Nov. 5, 2008) (explaining why the Eleventh Amendment bars such claims against a Kentucky agency). Accordingly, KDOC's motion is granted and the claims asserted against KDOC are dismissed.

## CONCLUSION

No matter which way you cut it, Dishman's claims against CCA and Little are barred by the statute of limitations. CCA and Little also argue that Dishman's complaint should be dismissed because she failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). R. 9 at 6-11. That argument is incorrect. Dishman was not in prison when she filed this action. In *Hall v. Letcher County Fiscal Court*, 2009 WL 4729953, *3 (E.D. Ky. 2009), this Court squarely held that the PLRA does not apply to former prisoners, even though the claim may have arisen while the plaintiff was previously incarcerated. Defendants CCA and Little ask the Court to reconsider this holding. R. 9 at 6-11. Because the Court grants the defendants' motion to dismiss on the statute of limitations ground, the Court declines to do so. Moreover, as both Dishman and KDOC agree, the Eleventh Amendment bars the claims asserted against KDOC. Therefore, the defendants' motions to dismiss are granted.

For the reasons stated above, it is **ORDERED** as follows:

1) The defendants' motions to dismiss, R. 6 and R. 9, are **GRANTED**.

2) The claims asserted against KDOC, CCA, and Little are **DISMISSED WITH PREJUDICE**.

3) KDOC, CCA, and Little are **TERMINATED** as parties to this litigation.

This the 20th day of August, 2010.

Signed By:
*Amul R. Thapar* AT
United States District Judge